UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10208-MAP

KATHERINE E. SCHLIEBEN,          )
    Plaintiff,                           )
                      )
V.                                              )
                      )
NORTHFIELD MOUNT                   )
HERMON SCHOOL,                       )
    Defendant.                          )

## PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE AN AMEND COMPLAINT

The plaintiff hereby renews her Motion for Leave to File an Amended Complaint in this matter, on the grounds stated below.

This action was originally filed in the United States District Court for the Southern District of New York. The plaintiff, a New York resident, brought suit against the Northfield Mount Hermon School for injuries she suffered at the school. Plaintiff's New York counsel named only the Mount Hermon School as a defendant, presumably because he did not realize that the school could only be liable for $20,000 under the Massachusetts Charitable Immunity Statute, M.G.L. c. 231, § 85K. Plaintiff's New York counsel filed this action nearly three years after the injury occurred, and by the time defense counsel pointed out the charitable immunity defense, the limitations period had passed. Plaintiff's New York counsel, also failing to realize that Massachusetts' liberal relation-back rules might still permit amendment of the complaint to name the responsible school administrators, attempted to settle the case and then refused to respond to communications and orders from defense counsel and the Court.

The plaintiff then engaged her current counsel, who April 29, 2004 filed a Motion for Leave to File an Amended Complaint and a Motion to Transfer Action to the District

of Massachusetts. In an order dated September 15, 2004, attached hereto as Exhibit 1,

Judge Lawrence M. McKenna of the Southern District of New York granted plaintiff's

Motion to Transfer Action to the District of Massachusetts. In deciding to transfer the

action, Judge McKenna concluded that the District of New York would not have

jurisdiction over the defendants whom the plaintiff sought to add to the action. As a

result, he denied the Motion to Amend without prejudice, and granted the plaintiff

permission to renew her Motion for Leave to File an Amended Complaint upon transfer

of this action to the District of Massachusetts.

Wherefore, the plaintiff respectfully requests that this Court grant her Motion for

Leave to File an Amended Complaint, which is attached as Exhibit 2.

Respectfully submitted,
Plaintiff
By her attorneys,


_____/s/ Samuel Perkins_____
Samuel Perkins, BBO #542396
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: April 29, 2005

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

KATHERINE E. SCHLIEBEN,              :

                    Plaintiff,       :        02 Civ. 2868 (LMM)

          - v -                      :        MEMORANDUM AND ORDER

NORTHFIELD MOUNT HERMON SCHOOL,      :

                    Defendant.       :

------------------------------------x

McKENNA, D.J.

**1.**

          On May 13, 2003, this Court entered a conditional order

of dismissal on the understanding that the parties had agreed to a

settlement.    It appeared from subsequent conferences with new

counsel for plaintiff that prior counsel for plaintiff was not

authorized to agree to the settlement to which he agreed.    The

May 13, 2003 conditional order of dismissal must therefore be

vacated.

**2.**

          Plaintiff (through new counsel) moves (i) pursuant to

Fed. R. Civ. P. 15 for leave to file an amended complaint, and (ii)

pursuant to 28 U.S.C. §§ 1404 and 1406 for an order transferring

this action to the District of Massachusetts.    Defendant has

opposed the motion for leave to amend and not taken a position on

the motion to transfer.

COPIES MAILED TO COUNSEL SEP 1 5 2004

**3.**

The motion for an order transferring this action to the District of Massachusetts is granted. The tort alleged in the complaint occurred in that district, and the substantive law of Massachusetts will, presumably, apply; further, if the motion for leave to amend the complaint is granted, parties defendant will be added over whom this Court is not likely to be able to obtain personal jurisdiction. This action might have been brought in the District of Massachusetts, and the interests of justice weigh in favor of transfer to that district. The motion for transfer is granted.

**4.**

Since the case is to be transferred, it is appropriate for the transferee district to determine whether leave to amend should be granted. The motion for permission to amend the complaint is accordingly denied without prejudice to renewal upon transfer.

**5.**

The Clerk is directed to reopen this case, and then to transfer it to the United States District Court for the District of Massachusetts.

SO ORDERED.

Dated:   September /5, 2004

Lawrence M. McKenna
U.S.D.J.

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

C.A. NO.:  02-CV-2868 (LMM)

KATHERINE E. SCHLIEBEN,          )
          Plaintiff,             )
                                 )
V.                               )
                                 )
NORTHFIELD MOUNT                 )
HERMON SCHOOL,                   )
          Defendant.             )

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Now comes the Plaintiff, Katherine E. Schlieben, in the above-referenced matter and pursuant to Federal Rules of Civil Procedure Rule 15 (a) and (c) moves to amend her Complaint to include new individual defendants.  A copy of the proposed Amended Complaint is attached to this Motion.

The Plaintiff's Memorandum in Support of Motion for Leave to File Amended Complaint accompanies this motion

Respectfully submitted,
The Plaintiff,
By Her Attorneys,

Samuel Perkins(4169), MA BBO #542396
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Dated:  April 28, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _4-28-04_

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

C.A. NO.: 02-CV-2868

KATHERINE E. SCHLIEBEN,            )
       Plaintiff,            )
                  )
V.            )
                  )
NORTHFIELD MOUNT HERMON            )
SCHOOL, JACQUELINE SMETHURST,      )
DAVID SCHOCHET, RICHARD            )
SCHWINGLE, LOUISE SCHWINGLE        )
AND JUDITH KEMLITZ,                )
       Defendants.            )

## PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Katherine Schlieben alleges:

## PARTIES

1.    Plaintiff Katherine E. Schlieben is a resident of Manhattan, New York County, New York and was a student in her junior year at the Northfield Mount Hermon School ("Northfield Mount Hermon"), Northfield, Franklin County, Massachusetts when the injuries giving rise to this lawsuit occurred.

2.    The Northfield Mount Herman School is a private secondary school incorporated in Massachusetts and located in Northfield, Franklin County, Massachusetts.

3.    Jacqueline Smethurst is, on information and belief, a resident of Metarie, Louisiana. Defendant Smethurst was, at the time of the plaintiff's injury, the Head of School of the Northfield Mount Hermon School and a resident of Franklin County, Massachusetts.

4.   David Schochet is a resident of Franklin County, Massachusetts and was, at the time of the plaintiff's injury, a Northfield Mount Hermon School Dean and resident of Franklin County, Massachusetts.

5.   Richard Schwingle is a resident of Franklin County, Massachusetts, and was, at the time of the plaintiff's injury, a member of the Northfield Mount Hermon staff designated as Class Parent for the junior class.

6.   Louise Schwingle is a resident of Franklin County, Massachusetts, and was, at the time of the plaintiff's injury, a member of the Northfield Mount Hermon staff designated as Class Parent for the junior class.

7.   Judith Kemlitz is, on information and belief, a resident of Franklin County, Massachusetts and was, at the time of the plaintiff's injury, a School Dean of the Northfield Mount Hermon School.

## JURISDICTION AND VENUE

8.   The plaintiff is a resident of New York and the defendants are residents of Massachusetts.  Jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. §1332.

9.   Venue in this matter is controlled by 28 U.S.C. §1391(a), (c), as the Northfield Mount Hermon School is subject to personal jurisdiction in this district.

## PLAINTIFF'S CLAIMS

10.  On September 21, 1997, plaintiff Katherine E. Schlieben was a member of the junior class at Northfield Mount Hermon School, Franklin County, Massachusetts.

11.  On September 21, 1997, Northfield Mount Hermon conducted a tug-of-war contest between the junior and senior classes at the school.  The tug-

2

of-war was an annual event and a significant school tradition, and all members of the junior and senior classes were expected to participate.

12. The tug-of-war was organized and supervised by school administrators, teachers and residential life staff, including, but not limited to, the individual defendants named above.

13. The plaintiff has been informed, and believes, that the tug-of-war in September of 1997 involved between five hundred and six hundred students in the junior and senior classes.

14. The rope involved in the tug-of-war was several hundred feet long and was arranged through wooded and open areas on the large, rural school campus.

15. The tug-of-war exercise was an inherently dangerous physical activity for all participants. Northfield Mount Hermon and the administrators, teaching staff and residential life staff involved in organizing and overseeing the event, including, but not limited to the individual defendants named above, negligently failed to make adequate precautions for the safety of the students involved, including:

   a. failure to review the physical fitness of the students involved in the tug-of-war;

   b. failure to instruct the students in the proper techniques of tug-of-war contests;

   c. failure to arrange adequate staff to supervise the conduct of students in the tug-of-war as the contest proceeded.

16. The plaintiff is informed, and believes, that school administrators, faculty and residential life staff, including, but not limited to, the individual

defendants named above, knew before September 21, 1997 from experience with previous contests and preparation for the 1997 contest, that students would adopt risky and dangerous tactics to gain advantage in the tug-of-war.

17.    Before the tug-of-war involving the plaintiff began on September 21, 1997, school administrators, faculty and residential life staff, including, but not limited to the individual defendants named above, had been informed that one team planned to run the rope part way around a tree in the woods, to increase friction and gain advantage in resisting the other side's efforts. Although the school administrators, teachers and residential life staff responsible for overseeing the tug-of-war, including, but not limited to the individual defendants named above, were on notice of this dangerous plan, they negligently took no steps to prevent the students from carrying out this plan.

18.    In the course of the tug-of-war contest on September 21, 1997, members of the junior class ran the rope on their side of the course part way around a tree in order resist the pulling by the senior team. This technique required each junior team member in the vicinity of the tree to release the rope before reaching the tree in order to avoid being trapped between the tree and the rope. As a result of pressure and movement of the rope, the tree had suffered substantial damage, and was steaming or smoking from the heat generated by friction.

19.    During the contest a student or students yelled that the junior class had won and many members of the plaintiff's team relaxed.

20.    At the time junior team members relaxed, plaintiff Katherine Schlieben was next to the tree that had been used as a friction point for the rope.

21.    When members of the junior class team relaxed, the seniors jerked Katherine Schlieben into the tree before she could release the rope, trapping the index and middle fingers of her left hand between the rope and the tree.

22.    As a result of the pressure and friction, a substantial portion of the flesh on Katherine Schlieben's left index finger was torn off, and the skin on the back of her left middle finger was shredded.  Katherine Schlieben has suffered permanent disability and disfigurement as a result, and has incurred substantial and continuing medical expenses, pain and suffering and lost earning capacity.

23.    Immediately after the injury occurred, a friend took Katherine Schlieben, who was distraught and bleeding freely from her left index and middle fingers, to class parent Louise Schwingle, who had been observing the tug-of-war from a mound in the vicinity of the tree where Katherine Schlieben was injured. Mrs. Schwingle took no action to assist Katherine Schlieben and took no action to prevent the same injury from occurring to other junior class members as the tug-of-war continued.

### COUNT I - NEGLIGENCE
Schlieben v. Jacqueline Smethurst

24.    The plaintiff incorporates paragraphs 1 – 23 here.

25.    Katherine Schlieben's injuries were proximately caused by the negligence of Jacqueline Smethurst in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Jacqueline Smethurst, including appropriate damages, interest, attorney's fees and costs.

## COUNT II - NEGLIGENCE
### Schlieben v. David Schochet

26.     The plaintiff incorporates paragraphs 1 – 25 here.

27.     Katherine Schlieben's injuries were proximately caused by the negligence of David Schochet in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against David Schochet, including appropriate damages, interest, attorney's fees and costs.

## COUNT III - NEGLIGENCE
### Schlieben v. Richard Schwingle

28.     The plaintiff incorporates paragraphs 1 – 27 here.

29.     Katherine Schlieben's injuries were proximately caused by the negligence of Richard Schwingle in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Richard Schwingle, including appropriate damages, interest, attorney's fees and costs.

## COUNT IV - NEGLIGENCE
### Schlieben v. Louse Schwingle

30.     The plaintiff incorporates paragraphs 1 – 29 here.

31.    Katherine Schlieben's injuries were proximately caused by the negligence of Louise Schwingle in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Louise Schwingle, including appropriate damages, interest, attorney's fees and costs.

### COUNT V - NEGLIGENCE
Schlieben v. Judith Kemlitz

32.    The plaintiff incorporates paragraphs 1 – 31 here.

33.    Katherine Schlieben's injuries were proximately caused by the negligence of Judith Kemlitz in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Judith Kemlitz, including appropriate damages, interest, attorney's fees and costs.

### COUNT VI – NEGLIGENCE
Schlieben v. Northfield Mount Hermon School

34.    The plaintiff incorporates paragraphs 1 – 33 here.

35.    The Northfield Mount Hermon School is liable for the negligent acts and omissions of its administrators, faculty and residential life staff, as alleged above.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Northfield Mount Hermon School, including appropriate damages, interest, attorney's fees and costs.

## JURY DEMAND

The plaintiff demands trial by jury on all counts.

                              Respectfully submitted,
                              Katherine E. Schlieben
                              By her attorneys,


                              Samuel Perkins (4169) MA BBO #542396
                              Brody, Hardoon, Perkins & Kesten, LLP
                              One Exeter Plaza
                              Boston, MA  02116
                              (617) 880-7100

Dated:  April 28, 2004

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

C.A. NO.: 02-CV-2868 (LMM)

KATHERINE E. SCHLIEBEN,        )
     Plaintiff,        )
                    )
V.        )
                    )
NORTHFIELD MOUNT        )
HERMON SCHOOL,        )
     Defendant        )

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

## I.    BACKGROUND

On September 21, 1997, Plaintiff Katherine Schlieben, then age 16, participated in the "Field Days" annual tug-of-war competition between the junior and senior class of the Northfield Mount Hermon School ("Northfield Mount Hermon") in Northfield, Massachusetts. This contest involved roughly three hundred students, with teams arranged along a rope on the school's large wooded campus. During the tug-of-war members of the Plaintiff's junior class team placed their rope part way around a tree to increase friction and boost their resistance to the seniors' pulling efforts. This dangerous technique required each student to release the rope as he or she reached the tree and take hold again on the other side. Just before the Plaintiff's injury the rope had worn a deep groove in the tree, which was smoking from the friction. Northfield Mount Hermon teachers and administrators knew the juniors were using this technique, and did nothing to prevent it. As the plaintiff approached the tree, someone yelled that the junior class had won the contest, and many of the plaintiff's teammates stopped pulling. She was suddenly jerked into the tree and the index and

middle fingers of her left hand were trapped between the tree and the moving rope. Much of the flesh on the end of her left index finger was torn off, and her middle finger was cut and torn. She suffered permanent disabling and disfiguring injuries, despite multiple attempts at surgical correction.

The plaintiff resides in Manhattan. Her father, Edward Schlieben, retained Attorney Frank Ross of Garden City, New York, to bring suit on her behalf. Mr. Ross is admitted to practice in New York, and, according to Martindale-Hubbell, has been a member of the Massachusetts bar as well. Mr. Ross brought suit against Northfield Mount Hermon in the Supreme Court of the State of New York, County of New York. (*Katherine E. Schlieben v. Northfield Mount Hermon School*, Index No. 122002-01, attached as Exhibit 1). The Complaint appears to have been filed on November 23, 2001 by Attorney Frank A. Ross (hereinafter "Ross"), but apparently was not served on Northfield Mount Hermon for nearly four months, on March 19, 2002. (See Summons, attached as Exhibit 2, with notation at bottom left-hand corner, "served: 3/19/02 to Head Office.") Northfield Mount Hermon removed the case to this Court on April 15, 2002.

Mr. Ross does not appear to have made any substantive attempt to prosecute the plaintiff's case. On April 26, 2002, a new attorney, Matthew Kreinces of Katz & Kreinces in Garden City, filed a demand for a jury trial. (There was no jury demand in the original Verified Complaint filed by Mr. Ross.) Attorney Kreinces has not filed an appearance in this matter.

On September 19, 2002, this Court held a Scheduling Conference. Defense counsel Steven Backfisch (hereinafter "Attorney Backfisch") appeared for Northfield Mount Hermon. Attorney Ross did not appear for the Plaintiff. (See Docket Entry No. 16, attached as Exhibit 3).

On October 7, 2002, Attorney Backfisch wrote to Ross, saying: "I want to follow up on my recent attempts to reach you by telephone," and pointed out that "Massachusetts has a statute limiting the liability of charitable organizations to $20,000. Given the application of that statute to this case, it would seem that efforts directed at early settlement are advisable." Backfisch suggested that Ross send "whatever medical information you have so that I may justify to my client an authorization to pay the statutory amount." (October 7, 2002 letter from Backfisch to Ross, copy attached as Exhibit 4.) On November 13, 2002, Attorney Backfisch again wrote to Ross, asking him for a response to the letter of October 7, 2002. (See November 13, 2002[1] letter to Ross, attached as Exhibit 5).

On December 19, 2002, Attorney Backfisch wrote to Ross a third time in frustration, noting: "the only way cases move forward is for the lawyers to communicate." Attorney Backfisch pointed out that he had submitted the defendant's initial disclosures pursuant to Fed. R. Civ. P. 26, but Attorney Ross had sent nothing. Backfisch reminded Ross that Ross had not answered Backfisch's two earlier letters, and reminded Ross of the limitations imposed by the Massachusetts Charitable Immunity Statute. Backfisch closed by expressing clear doubts about Ross's status as plaintiff's counsel: "[A]re you still representing this Plaintiff? If you are, please extend the courtesy of a reply to my letter of October 7." (See December 19, 2002 letter from Backfisch to Ross, attached as Exhibit 6.)

By February 20, 2003, Attorney Backfisch evidently had concluded Ross would never respond, and filed a Motion to Dismiss. In Attorney Backfisch's

---

[1] Backfisch has filed an affidavit in this case stating that the November 13, 2002 letter incorrectly carries the same date as his previous letter of October 7.

Affidavit in support of the motion, he reviewed Ross's failure to appear at the scheduling conference, failure to respond to requests for Rule 26 disclosures, and general failure to respond to any communication, whether by letter or phone. (See Affidavit of Backfisch, attached as Exhibit 7.)

Northfield Mount Hermon's Motion to Dismiss was scheduled for hearing on May 13, 2003.  On the morning of the hearing, plaintiff's counsel Ross called defense counsel Backfisch and agreed to settle the case for the $20,000 Backfisch had offered the previous October. On May 13, 2003, Mr. Backfisch reported to the Court that the case was settled, and sent a release for Katherine Schlieben's signature and a stipulation of dismissal for Ross's signature. Mr. Ross never responded to Mr. Backfisch or returned any signed documents.  (Affidavit of Samuel Perkins, attached as Exhibit 8.)(See Order of Dismissal filed in this Court, dated May 13, 2003, attached as Exhibit 9.)

On or about July 28, 2003 Edward Schlieben met with Samuel Perkins of Brody, Hardoon, Perkins & Kesten, LLP, One Exeter Plaza, Boston, Massachusetts because Mr. Ross was not responding to requests for information about Katherine Schlieben's case. Mr. Schlieben said that he last had heard from Ross in the spring of 2003, when Ross said Judge McKenna and Mr. Backfisch took the position Katherine Schlieben could only recover $20,000 in the case, and were advocating settlement. Mr. Schlieben informed Mr. Perkins that he had tried on multiple occasions during the previous few months to contact Ross, with no success.  During the meeting with Mr. Schlieben on July 28, 2003 both Mr. Schlieben and Samuel Perkins left messages for Ross on Ross's cell phone and his office phone.  Subsequent to that meeting Mr. Perkins placed several calls to Ross

without ever receiving any return calls or a response. (See Affidavit of Edward Schlieben, attached as Exhibit 10; Affidavit of Samuel Perkins.)

    After checking this Court's docket on July 28th, Attorney Perkins called defense counsel Backfisch and spoke with him on August 1, 2003. Backfisch reported that Ross had told Attorney Backfisch in May he would accept the Defendant's longstanding $20,000 settlement offer. (Affidavit of Samuel Perkins.) Mr. Backfisch reported, and the docket reflects, that the Court was notified on May 13, 2003 that the matter was settled. (Affidavit of Samuel Perkins.) Mr. Schlieben, who had dealt directly with Ross on behalf of his daughter, had never authorized Ross to enter into any settlement agreement on her behalf. (See Schlieben Affidavit.) Mr. Backfisch informed Attorney Perkins that he mailed copies of a proposed settlement agreement/release and stipulation of dismissal to Ross on or about May 13, 2003 and had heard nothing from Ross since then. (See Perkins Affidavit.) Mr. Schlieben reports that Ross never told him or his daughter about any purported settlement, or forwarded any settlement documents to him or his daughter. (See Affidavit of Edward Schlieben .)

    Edward Schlieben had learned from Mr. Ross in the Spring of 2003 that Mr. Backfisch asserted Northfield Mount Hermon could only be liable for $20,000 under the Massachusetts Charitable Immunity Statute. (See Mass. Gen. L. ch. 231, § 85K.) (See Affidavit of Edward Schlieben.) Mr. Schlieben asked Mr. Ross to explain whether Massachusetts law really prevented any adequate recovery for his daughter's injuries, and called Ross many times in the Spring and Summer of 2003 without reaching him or getting a return call. (Affidavit of Edward Schlieben.) It appears that Mr. Ross concluded that the maximum

recovery would, in fact, be $20,000, and told Mr. Backfisch the case was settled even though Katherine and Edward Schlieben had given him no authority to do so. What Mr. Ross failed to realize--despite his admission to the Massachusetts bar--was that the Charitable Immunity statute did not apply to the teachers and administrators whose neglect caused Katherine Schlieben's injuries. If he had researched the issue or spoken with a Massachusetts lawyer, Mr. Ross would have learned that Massachusetts attorneys routinely sue the individuals responsible for the injury in addition to (or instead of) the charitable institution where they are employed.[2] The method for achieving full recovery for Katherine Schlieben was (and is) to join the teachers and administrators who negligently allowed the junior class to use the tree as a friction device. The plaintiff therefore seeks this Court's permission to amend the Complaint to name these new defendants. If this amendment is allowed, the plaintiff requests that the Court grant her simultaneously-filed Motion to Transfer Venue, transferring this lawsuit to the District of Massachusetts, where the defendant school is located and the individual teachers and administrators are subject to personal jurisdiction.

## II.    ARGUMENT

---

[2] Mr. Ross would also have learned that non-Massachusetts lawyers (indeed, New York lawyers) have overlooked this quirk of Massachusetts law and practice in the past, and have been sued for malpractice as a result. Finally--and most importantly--he also would have learned that any amendment adding individual defendants would follow the "more liberal Massachusetts rule" for "relation back" of amendments that join defendants even after the statute of limitations has run. See Fed. R. Civ. P. 15(c)(1) and Advisory Committee Notes to 1991 amendment; *Schell v. Birnbaum*, 1994 WL 878922 (Mass.Super. 1994)(copy attached).

Fed. R. Civ. P. 15 (a) states that "leave [to amend] shall be freely given when justice so requires," and this is plainly such a case. Although plaintiff's counsel Frank Ross has been a member of the Massachusetts bar (the Massachusetts Board of Bar Overseers reports that he was admitted in 1986 and is currently "administratively suspended")(Affidavit of Samuel Perkins), he evidently did not know that Northfield Mount Hermon would only be liable for $20,000, or that he would need to sue individuals at the school to get full recovery for his client. Mr. Ross compounded his initial breach of professional responsibility after learning from defense counsel Backfisch about the $20,000 limit in October of 2001: instead of consulting with a Massachusetts attorney or doing research on the charitable limit, Ross apparently did nothing until May 13, 2003, the day attorney Backfisch's Motion to Dismiss was scheduled for hearing. On the morning of the hearing, Mr. Ross (who had been incommunicado since the previous October) called Mr. Backfisch and agreed to settle the case for $20,000. (Affidavit of Samuel Perkins.) At that point Ross had not spoken with his client or her father about the $20,000 offer, and had no authority to accept it. (Affidavit of Edward Schlieben.) Although Mr. Backfisch sent Ross settlement documents on May 13 to be signed by Ross and Katherine Schlieben, Ross never sent them to his client and never responded to Backfisch. (Affidavit of Edward Schlieben; Affidavit of Samuel Perkins.) During May, June, July and August of 2003, Edward Schlieben attempted to contact Mr. Ross. (See Affidavit of Edward Schlieben; Affidavit of Samuel Perkins.) Mr. Ross has never responded, despite written notice to him of a potential malpractice claim and a demand that he notify his insurer. (Affidavit of Samuel Perkins.)

Ross's May 13 conversation with Mr. Backfisch did not form a binding

settlement agreement. Under the choice-of-law circumstances (i.e., a federal

court: a) sitting in New York; b) in a diversity case; c) controlled by

Massachusetts substantive law; d) determining the enforceability of a settlement

agreement reached on the phone by New York attorneys located in New York),

this Court presumably would apply New York or Massachusetts law to decide

whether Mr. Ross bound Katherine Schlieben to a $20,000 settlement agreement.

*See, e.g., Sears Roebuck and Company v. Sears Realty Company, Inc.*, 932 F. Supp. 392,

397-403 (N.D.N.Y. 1996). In the end, the Court need not decide the choice of law

question, because the settlement agreement would be found invalid under the

law of both states and the federal courts. In all three jurisdictions, an attorney

must at a minimum have apparent authority to bind his client. *See, e.g., Hallock v.*

*New York*, 64 N.Y.2d 224, 474 N.E. 2d 1178, 485 N.Y.S.2d 510 (1984)[3]; *Bagley v.*

*O'Brien,* 1993 WL 818896, pp. 2-3)(Mass. Super.); *Conway v. Brooklyn Union Gas*

*Co.*, 236 F. Supp.2d 231, 247-48 (E.D.N.Y. 2002). The *Conway* Court specified the

requirements of apparent authority as follows:

> Apparent authority may only arise from the conduct or representation of
> the client toward the third party, not that of the attorney. [citations
> omitted] However, if an attorney has apparent authority to settle a case,
> and the opposing counsel has no reason to doubt this authority, then the
> settlement will be upheld.

*Conway*, 236 F.Supp.2d at 247.

As Edward Schlieben and Mr. Backfisch have confirmed, there was good

reason to doubt Mr. Ross's authority from the outset. He filed suit the day before

---

[3] CPLR Rule 1404 also requires that any settlement not reduced to writing must
be made in "open court," a requirement the Backfisch-Ross conversation of May
13 cannot meet. See *Hallock,* supra.

the statute of limitations expired.  He never voluntarily responded to any communication or discovery obligation, prompting Mr. Backfisch to question whether Ross still represented the plaintiff.  Ross never appeared in this Court, defaulting on one appearance and aborting a second by calling Mr. Backfisch to settle the case the day Northfield Mount Hermon's Motion to Dismiss was scheduled for hearing.  A second attorney with no apparent affiliation with Mr. Ross, Matthew Kreinces, filed the plaintiff's jury demand, but then mysteriously took no further action.  Mr. Backfisch and his clients had good reason to doubt that Mr. Ross had communicated with his clients or had received any permission to settle the case.  Katherine Schlieben and her father had no idea that a settlement offer had been made, much less that Mr. Ross might purport to bind them to an agreement.  They certainly never took any action that could have indicated to Mr. Backfisch or his clients that Mr. Ross was authorized to negotiate a settlement.  Under these circumstances, Mr. Ross had no apparent authority, and the oral settlement agreement of May 13, 2003 is not enforceable.

This Court's order of May 13 indicates that the case may be reopened by the plaintiff if settlement is not consummated within 60 days. Settlement has not been consummated, and Katherine Schlieben now moves to reopen this case and file an amended complaint naming individual defendants who were employed by the Northfield Mount Hermon School.

Katherine Schlieben's Motion to Amend to add new defendants is governed by Federal Rules of Civil Procedure Rule 15 (c)(1)[4], which states in relevant part:

---

[4] Rule 15(c)(1)was amended in 1991 to ensure that in cases controlled by state law (such as this Massachusetts tort claim), relation back would follow the law of the

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by law that provides the statute of limitations applicable to the action. . . .

As the defendant asserts in its Answer, Massachusetts law provides the statute of limitations for this claim. (See Mass. Gen. L. ch. 260 § 2A, setting a three year statute of limitations for negligence claims.) Massachusetts common law has for many years reaffirmed a liberal relation back rule that permits new defendants to be added to an ongoing case even after the expiration of the limitations period. See *Wadsworth v. Boston Gas Co.*, 352 Mass. 86, 223 NE 2d 807, 809 (Mass. 1967); *Curley v. North American Man Boy Love Association*, 2003 WL 21696547 (D. Mass. 2003); *Sigros v. Walt Disney World, Co.*, 190 F. Supp. 2d 165, 168 (D. Mass. 2002). In *Wadsworth*, the Massachusetts Supreme Judicial Court noted that:

> the law in this Commonwealth with respect to amendments is more liberal then elsewhere and that ample Massachusetts case law supports the proposition that where an action has been commenced before the statute of limitation has run, the plaintiff may be allowed to substitute one defendant for another after the statute of limitations has run against the proposed substitute defendant with the amendment relating back to the commencement of the original action.

*Wadsworth v. Boston Gas Company*, 352 Mass. 86, 223 NE 2d 807, 809 – 810 (Mass. 1967).

The Supreme Judicial Court also concluded in Wadsworth there was no substantial difference between an amendment that substituted a new defendant for an existing party and an amendment that added a completely new defendant to the case. *See Wadsworth v. Boston Gas Company*, 352 Mass. 86, 223 NE 2d 807,

---

state that provides the applicable rules of decision. See Advisory Committee Notes to Fed. R. Civ. P. 15(c)(1).

809-810; *National Lumber Co. v. LeFrancois Const. Corp.*, 430 Mass. 663, 671-672, 723 N.E.2d 10 (2000); *Curley v. North American Man Boy Love Association*, 2003 WL 21696547 (D. Mass. 2003).[5]

In determining whether leave to amend should be granted under the liberal Massachusetts rule, a Court has wide discretion. See *Newcare Health Corp. v. Midway Health Care Center*, 274 BR 307 (D. Mass. 2002). All reasonable inferences are to be drawn in favor of the plaintiff. See *Young v. Lepone*, 305 F. 3d 1, 8 (1st Cir. 2002). Here it is plain that Katherine and Edward Schlieben bear no responsibility for the posture of this case: they had no idea that full recovery depended on suing individual defendants; they tried without success to question Ross when he reported that Massachusetts law capped the school's liability at $20,000; and they never authorized Ross to settle the case for $20,000. There can be little doubt that the individual administrators and teachers named in the Amended Complaint have known from the start of this case that they would have been named as defendants in a properly drafted lawsuit. Northfield Mount

---

[5] When a 1988 decision of the Supreme Judicial Court raised doubts whether the relation back rule only allowed the plaintiff to sue new defendants on the same "cause of action" as the original complaint, the Legislature quickly enacted Mass. Gen. L. ch. 231, § 51 to remove any doubt:

§ 51. <u>Amendments as to parties, process or pleading</u>
In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.

Hermon's insurer, Great American Insurance Company, has defended this case from the outset, and the case is being handled by claims supervisor Bill Collins, who is very capable and experienced. (Affidavit of Samuel Perkins.) Great American, defense counsel Backfisch and Northfield Mount Hermon's school counsel have been well aware since Mr. Ross filed this case that if Mr. Ross or the Schliebens consulted with Massachusetts counsel, the complaint would be amended to name school staff members as defendants and avoid the $20,000 statutory limit. The defendants Katherine Schlieben now seeks to join have not suffered any prejudice or unfair surprise by the delay in amending the complaint.

## III.   CONCLUSION

For the reasons set forth above, the plaintiff respectfully requests that this Honorable Court grant her leave to file an amended Complaint.

Respectfully submitted,
The Plaintiff,
By Her Attorneys,

Samuel Perkins (4169), MA BBO#542396
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Dated:  April 28, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on _4-28-04_

12

EXHIBIT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------x

KATHERINE E. SCHLIEBEN,                                  INDEX #: 422002/01

                              Plaintiff,

                                                         VERIFIED COMPLAINT

NORTHFIELD MOUNT HERMON SCHOOL,

                              Defendant.

------------------------------------------------x

Plaintiff, KATHERINE E. SCHLIEBEN, by her attorney, FRANK A. ROSS,

ESQ., complaining of the defendant, NORTHFIELD MOUNT HERMON SCHOOL

("NORTHFIELD"), herein, states upon information and belief and alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

FIRST:       At all times hereinafter mentioned, plaintiff, Katherine E.

Schlieben, was and still is a resident of the City, County and State of New York.

SECOND:       At all times hereinafter mentioned, the defendant, Northfield, was

a foreign corporation and/or entity, licensed and doing business in the City, County and

State of New York, by virtue of the laws of the State of New York.

THIRD:       At all times hereinafter mentioned, the defendant, Northfield, was

a foreign corporation and/or entity, soliciting business in the City, County, and State of

New York, in that the defendant, Northfield, sent representatives to the City, County, and State of New York to recruit students for enrollment.

FOURTH:  That at all times hereinafter mentioned, defendant, Northfield, was and still is engaged in the operation of a school in the state of Massachusetts which was and still is a private school.

FIFTH:  That the defendant, Northfield, is organized and existing under the Education Law of the State of Massachusetts, and vested by such law with the ownership, care, custody, control, maintenance and supervision of the school and school property.

SIXTH:  That on the 21st day of September, 1997, and for a long time prior thereto, the defendant, Northfield, operated, owned, controlled, maintained, managed and supervised, the school, including its grounds, structures, and buildings.

SEVENTH:  That on the 21st day of September, 1997, the plaintiff, Katherine E. Schlieben, was a student at Northfield, attending classes and participating in extracurricular events.

EIGHTH:  That on the 21st day of September, 1997, the Plaintiff was 16 years old, having been born on November 25, 1980, and at all relevant times was a student at Northfield pursuant to a contract for educational and residential services.

NINTH:  That as the Plaintiff was a minor, the statute of limitations has been tolled to November 26, 2001.

TENTH:  That on the 21st day of September, 1997, and for a long time prior thereto, the defendant, Northfield, was responsible for the extracurricular program and the supervision of students attending and participating in those functions.

Aug 13 03          +5134124377          T-307  P.08/11  F-373                                                        p.24

**ELEVENTH:** That on the 21st day of September, 1997, at the "FIELD DAYS" annual tug-of-war competition between the Junior Class and Senior Class, the Plaintiff was caused to sustain a degloving of her left index and long fingers when her hand became caught between the tug-of-war rope and a tree, during the extracurricular activities being conducted on behalf of the school that day.

**TWELTH:** The Plaintiff was lawfully taking part in the "Field Days" annual tug-of-war competition when she was injured.

**THIRTEENTH:** That the accident and injuries to Plaintiff resulting therefrom were caused solely by the negligence of the defendant, Northfield, without any negligence on the part of the Plaintiff contributing thereto.

**FOURTEENTH:** That the negligence of the defendant, Northfield, consisted of carelessly and negligently maintaining and supervising the school premises by allowing the defective and dangerous conditions and activities, to wit, the tug-of-war event to continue, and in not providing proper adult supervision and procedures to ensure the safety of the participants in the "Field Days" tug-of-war event.

**FIFTEENTH:** That the aforesaid occurrence was caused individually and/or jointly, by reason of the carelessness, recklessness, and negligence of the defendant, Northfield, its agents, servants and/or employees in the ownership, supervision, operations, management, maintenance and control of the aforesaid school and, in particular, the "Field Days" tug-of-war event.

**SIXTEENTH:** That as a result of the negligence of the defendant, Northfield, as aforesaid, the Plaintiff was caused to sustain great bodily injuries with

accompanying pain, was rendered sick, sore, lame, and disabled and was caused to expend great sums of money for medical care.

SEVENTEENTH: That as a result of the foregoing occurrence and resultant injuries, the plaintiff, Katherine E. Schlieben, has been damaged in the sum of Two Million Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

EIGHTEENTH: That plaintiff, Katherine E. Schlieben, repeats, reiterates, and realleges each and every allegation in the First Cause of Action numbered "First" through "Seventeenth" with the same force and effect as if set forth herein.

NINETEENTH: That on the 21st day of September, 1997, and for a long time prior thereto, the defendant, Northfield, knew or should have known that the "Field Days" annual tug-of-war competition was an inherently dangerous event that had resulted in prior injuries to other students.

TWENTIETH: That the accident and injuries sustained by the Plaintiff were caused solely by the defendant, Northfield's failure to operate, maintain, manage and supervise an inherently dangerous event and as such is negligence per se.

TWENTY FIRST: That as a result of the negligence of the defendant, Northfield, as aforesaid, the Plaintiff was caused to sustain great bodily injuries with accompanying pain, was rendered sick, sore, lame, and disabled and was caused to expend great sums of money for medical care.

**TWENTY SECOND:** That as a result of the foregoing occurrence and resultant injuries, the plaintiff, Katherine E. Schlieben, has been damaged in the sum of Two Million Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

**TWENTY THIRD:** That plaintiff, Katherine E. Schlieben, repeats, reiterates, and realleges each and every allegation in the First and Second Causes of Action numbered "First" through "Twenty Second" with the same force and effect as if set forth hereat.

**TWENTY FOURTH:** That the defendant, Northfield, allowed an inherently dangerous event to proceed without proper supervision and procedures.

**TWENTY FIFTH:** That the defendant, Northfield, knew or should have known that to allow an inherently dangerous event to proceed without proper supervision and procedures was likely to lead to serious and substantial personal injuries.

**TWENTY SIXTH:** That the defendant, Northfield, was grossly negligent.

**TWENTY SEVENTH:** That as a result of the negligence of the defendant, Northfield, as aforesaid, the Plaintiff was caused to sustain great bodily injuries with accompanying pain, was rendered sick, sore, lame, and disabled and was caused to expend great sums of money for medical care.

**TWENTY EIGHTH:** That the Plaintiff requests punitive damages be awarded.

## VERIFICATION

**FRANK A. ROSS**, an attorney duly admitted to practice in the Courts of the State of New York, shows:

That he is the attorney for the plaintiff, **KATHERINE E. SCHLIEBEN**, in the within-entitled action.

That your deponent has read the foregoing Complaint and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged, upon information and belief, and as to those matters, he believes it to be true.

That the sources of the deponent's information are investigation and records in the files,

That the reason why the verification is made by deponent and not by the plaintiff is that the plaintiff does not reside in the county wherein deponent maintains his office.

Deponent affirms that the foregoing statements are true under the penalties of perjury.

Dated:    Rockville Centre, New York
          November 23, 2001

                                        FRANK A. ROSS

EXHIBIT
2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

KATHERINE E. SCHLIEBEN,

                Plaintiff,

     -against-

NORTHFIELD MOUNT HERMAN SCHOOL,

                Defendant.

---------------------------------------------------------------X

Date Index Number
Purchased: 11/23/01

Index No.: 122002/01

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT

      You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty (20) days after such service, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the summons is complete. In case of your failure to answer, judgment may be taken against you, by default, for the relief demanded in the complaint.

      The plaintiff designates New York County as the place of trial.

      The basis of the venue designated is plaintiff's place of residence.

Dated: Rockville Centre, New York
      November 23, 2001

Yours, etc

FRANK A. ROSS, ESQ.
Attorney for Plaintiff
7 Hughes Street
Rockville Centre, NY 11570
(516) 678-2228
File No.: F0143

Defendant's address:
NORTHFIELD MOUNT HERMAN SCHOOL
206 Main Street
Northfield, MA 01360-1089

NEW YORK
COUNTY CLERKS OFFICE

Served: 3/19/02 TO Heads Office.

# CIVIL MEMORANDUM TO DOCKET CLERK

This form shall be returned to the docketing section, upon completion of a Hearing or Trial, or on the last day of the Calendar Month, when the action is continued to the following month. Should the Hearing or Trial continue for two or more weeks, this form should be submitted on a weekly basis.

BEFORE: *HON. LAWRENCE M. McKenna* U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOC # 16

FILED
SEP 20 2002
S.D. OF N.Y.

*KATHERINE E. SCHLIEBEN,*

Plaintiff(s),

-against-

*NORTHFIELD MOUNT HERMON SCHOOL,*

Defendant(s),

Third-Party Defendant(s).

Docket No. *02* Civ. *2868* ( )(*CLMM*)

In consolidated cases, all docket nos. are to be shown.

**CONTESTED ISSUE** [ ] [ ]
                        YES   NO

Check one box only:

[ ] Non-Jury   [ ] Jury   [ ] Three-Judge Court   [ ] Preliminary Injunction/TRO   [ ] All Other   [ ] Non-Jury Land Condemnation   [ ] Summary Jury Trials

HEARING begun and ~~continued~~(concluded) *on Sept. 19, 2002. Attorney for Plaintiff NOT present + attorney STEVE BACKFIELD present for Defendant. No TRANSCRIPT Taken.*

PRETRIAL conference held and continued (concluded) _____

JURY [ ] NON-JURY [ ]
TRIAL begun and continued _____

TRIAL concluded _____    Total trial days _____
SETTLED during trial _____

Order signed _____
To be submitted _____

Judge's Decision *Court to issue a Case Management Scheduling Order. Parties are directed to discuss a disposition of this case. (McKenna, J.)*

Jury Verdict _____

Submitted by _____
                Deputy Court Clerk

The above information is required for the JS-6 Report to the A.O.



EXHIBIT
3



# LINDABURY, McCORMICK & ESTABROOK

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

RICHARD R. WIDTH
ANTHONY J. LaRUSSO◊
PETER A. SOMERS
WILLIAM R. WATKINS
EDWARD J. FRISCH
JOHN R. BLASI¹
JOHN M. SCHMIDT, JR.◊
DONALD F. NICOLAI
BRUCE F. OGDEN
JAMES K. ESTABROOK
JAMES D. DeROSE◊
BARRY J. DONOHUE¹
ROBERT S. BURNEY
DAVID R. PIERCE
JAY LAVROFF
ANTHONY P. SCIARRULLO

ROBERT W. ANDERSON¹
ROBERT S. SCHWARTZ²
STEPHEN A. SANTOLA¹
DONALD B. ROSS, JR.
STEVEN BACKFISCH
ROGER P. SAUER¹
DANIEL F. CROWE
JAMES McGLEW II
JOHN F. GOEMAAT³
RONALD M. HERSHKOWITZ¹
KEVIN J. RUSSELL¹
KATHLEEN M. CONNELLY¹
ERIC B. LEVINE
ATHINA LEKAS CORNELL¹
ELIZABETH ENGERT MANZO
GREG K. VITALI

JEFFREY R. MERLINO¹
CHRISTINE M. MARTINEZ¹
ISABEL MACHADO¹
ANNE B. GASIOR¹
DENNIS McKEEVER
DAVID A. BALABAN¹
—————
MARK S. KUEHN¹
COUNSEL
—————
KENNETH L. ESTABROOK
FRANCIS X. McCORMICK
JOHN M. BOYLE
KELLY A. BRIGANTI
OF COUNSEL
—————
JOSEPH S. LINDABURY
(1876-1948)

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

1. NJ & NY Bars    3. NJ, NY, PA & FL Bars
2. NJ, FL & VA Bars    4. NY Bar only
5. NJ & DC Bars

53 CARDINAL DRIVE
P.O. BOX 2369
WESTFIELD, NJ 07091-2369
(908) 233-6800
FAX (908) 233-5078

—————

26 BROADWAY
SUITE 2300
NEW YORK, NY 10004
(212) 742-3390
FAX (212) 269-5016

Please Reply to Westfield

October 7, 2002

Frank A. Ross, Esq.
7 Hughes Street
Rockville Centre, New York 11570

Re:    Schlieben v. Northfield Mount Hermon School
       Case No. 02cv2868

Dear Mr. Ross:

I want to follow up on my recent attempts to reach you by telephone, in the hopes that this case may be resolved in the near future.

This is a diversity case. A federal court, sitting in diversity will apply the choice of law rules of the forum state, in this case New York. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). In tort cases New York courts resolve conflicts by referring to the rules stated by the Court of Appeals in Neumeier v. Kuehner, 31 N.Y. 2d 121, 128, 335 N.Y.S. 2d 64, 70 (1972). The second Neumeier rule applies where the parties are domiciled in different jurisdictions and the alleged tort occurs in one of those jurisdictions. Pursuant to that rule, the law of the place where the accident happened is applied. In this case, application of the rule results in the application of Massachusetts law. Massachusetts has a statute limiting the liability of charitable organizations to $20,000. Given the application of that statute to this case, it would seem that efforts directed at early settlement are advisable.

201885 - 1/SB

Frank A. Ross, Esq.
October 7, 2002
Page 2

Please send me whatever medical information you have so that I may justify to my client an authorization to pay the statutory amount.

Very truly yours,

LINDABURY, McCORMICK & ESTABROOK

Steven Backfisch/sam

SB:sam                    Steven Backfisch

# LINDABURY, McCORMICK & ESTABROOK

## A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

RICHARD R. WIDTH
ANTHONY J. LaRUSSO'
PETER A. SOMERS
WILLIAM R. WATKINS
EDWARD J FRISCH
JOHN R. BLASI'
JOHN H. SCHMIDT, JR.'
DONALD F NICOLAI
BRUCE P OGDEN
JAMES K. ESTABROOK
JAMES D. DeROSEO
BARRY J. DONOHUE'
ROBERT S. BURNEY
DAVID R. PIERCE
JAY LAVROFF
ANTHONY P. SCIARRILLO

· CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

ROBERT W ANDERSON'
ROBERT S. SCHWARTZ'
STEPHEN A. SANTOLA'
DONALD B ROSS, JR.
STEVEN BACKFISCH
ROGER P SAUER'
DANIEL F CROWE'
JAMES McGLEW II
JOHN F. GOEMAAT'
RONALD M. HERSHKOWITZ'
KEVIN J. RUSSELL'
KATHLEEN M. CONNELLY'
ERIC B. LEVINE
ATHINA LEKAS CORNELL'
ELIZABETH ENGERT MANZO
GREG K. VITALI

1. NJ & NY Bars 2. NJ, NY, PA & FL Bars
3. NJ, FL & VA Bars 4. NY Bar only
5. NJ & DC Bars

JEFFREY R MERLINO'
CHRISTINE M. MARTINEZ'
ISABEL MACHADO'
ANNE B. GASIOR'
DENNIS McKEEVER
DAVID A. BALABAN'

MARK S. KUEHN'
COUNSEL

KENNETH L. ESTABROOK
FRANCIS X. McCORMICK
JOHN M. BOYLE
KELLY A. BRIGANTI
OF COUNSEL

JOSEPH S LINDABURY
(1896-1964)



53 CARDINAL DRIVE
P.O. BOX 2369
WESTFIELD, NJ 07091-2369
(908) 233-6800
FAX (908) 233-5078

26 BROADWAY
SUITE 2300
NEW YORK, NY 10004
(212) 742-3390
FAX (212) 269-5016

Please Reply to Westfield

October 7, 2002

*Should be dated*
*November 13, 2002*

Frank A. Ross, Esq.
7 Hughes Street
Rockville Centre, New York 11570

Re:    Schlieben v. Northfield Mount Hermon School
        Case No. 02cv2868

Dear Mr. Ross:

    May I please have a response to my letter to you dated October 7, 2002, copy
enclosed.

                            Very truly yours,

                    LINDABURY, McCORMICK & ESTABROOK

                            Steven Backfisch

SB:sam
Enclosure

206120 - 1/SB

# LINDABURY, McCORMICK & ESTABROOK

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW



**EXHIBIT**

RICHARD R. WIDTH
ANTHONY J. LaRUSSO
PETER A. SOMERS
WILLIAM R. WATKINS
EDWARD J. FRISCH
JOHN R. BLASI'
JOHN H. SCHMIDT, JR.
DONALD F. NICOLAI
BRUCE P. OGDEN
JAMES K. ESTABROOK
JAMES D. DeROSE
BARRY J. DONOHUE'
ROBERT S. BURNEY
DAVID R. PIERCE
JAY LAVROFF
ANTHONY P. SCIARRILLO

ROBERT W. ANDERSON'
ROBERT S. SCHWARTZ'
STEPHEN A. SANTOLA'
DONALD B ROSS, JR.
STEVEN BACKFISCH
ROGER P. SAUER'
DANIEL F. CROWE
JAMES McGLEW II
JOHN F. GOEMAAT'
RONALD M. HERSHKOWITZ'
KEVIN J. RUSSELL'
KATHLEEN M. CONNELLY'
ERIC B. LEVINE
ATHINA LEKAS CORNELL'
ELIZABETH ENGERT MANZO
GREG K. VITALI

JEFFREY R. MERLINO'
CHRISTINE M. MARTINEZ'
ISABEL MACHADO'
ANNE B. GASIOR'
DENNIS McKEEVER
DAVID A. BALABAN'
JAMES E. GUINEE'

MARK S. KUEHN'
COUNSEL

KENNETH L. ESTABROOK
FRANCIS X. McCORMICK
JOHN M. BOYLE
KELLY A. BRIGANTI
OF COUNSEL

JOSEPH S. LINDABURY
(1879-1942)

53 CARDINAL DRIVE
P.O. BOX 2369
WESTFIELD, NJ 07091-2369
(908) 233-6800
FAX (908) 233-5078

26 BROADWAY
SUITE 2300
NEW YORK, NY 10004
(212) 742-3390
FAX (212) 269-5016

Please Reply to Westfield

Frank A. Ross, Esq.
7 Hughes Street
Rockville Centre, New York 11570

December 19, 2002

Re:   Schlieben v. Northfield Mount Hermon School
Case No. 02cv2868

Dear Mr. Ross:

The only way cases move forward is for the lawyers to communicate. I sent you my client's initial disclosures under Rule 26 of the Federal Rules of Civil Procedure on September 17. I have received nothing from plaintiff. On October 7 I wrote to you urging you to look at the Charitable Immunity Statute in Massachusetts, which clearly applies under New York choice of law principles. Another copy of that letter was recently sent to you and I have heard nothing.

Are you still representing this plaintiff? If you are, please extend the courtesy of a reply to my letter of October 7.

Very truly yours,

LINDABURY, McCORMICK & ESTABROOK

Steven Backfisch

SB:sam
cc    Mr. Scott Wedemeyer

Z10009 - 1/SB



DOC # 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



KATHERINE E. SCHLIEBEN,

               Plaintiffs,

     -vs-

NORTHFIELD MOUNT HERMON
SCHOOL,

              Defendant.

CIVIL ACTION No.: 02CV2868

AFFIDAVIT IN SUPPORT OF MOTION
TO DISMISS

**EXHIBIT**

STATE OF NEW JERSEY   )
                     ) ss.:
COUNTY OF UNION     )

Steven Backfisch, of full age, and having been duly sworn, upon this oath deposes and says:

1.    I am a partner in the Westfield, New Jersey, office of the law firm of Lindabury, McCormick & Estabrook located at 53 Cardinal Drive, PO Box 2369, Westfield, NJ 07091-2369, (908) 233-6800.

2.    I submit this Affidavit in support of Northfield Mount Hermon School's motion to dismiss plaintiff's complaint for failure to make the disclosures required by Rule 26 of the Federal Rules of Civil Procedure.

3.    A Case Management Conference was held by this Court on Thursday, September 19, 2002 at 4:30 p.m.  Plaintiff's counsel did not appear for the Case Management Conference. The undersigned was in attendance.

216455 - 1/SB

4.      Later that day I received a telephone message from plaintiff's counsel, Mr. Ross, apologizing that he had not appeared at the conference, and stating that he was not aware the conference had been scheduled.

5.      I returned Mr. Ross' call several days later and left a message for him asking that he send me plaintiff's Rule 26 Disclosures. Defendant's Rule 26 Disclosures had been served on Mr. Ross on September 17, 2002. The telephone message I left for Mr. Ross was not returned.

6.      On October 7, 2002 I wrote Mr. Ross reminding him that my recent attempts to reach him by telephone had been unsuccessful. I again asked for medical information concerning his client's bills and, additionally, outlined for him my belief that this case would be governed by Massachusetts law, including the statute limiting the liability of charitable organizations to $20,000. As is stated in my letter, I urged that we undertake efforts aimed at achieving an early settlement. A copy of that letter is attached as Exhibit A.

7.      There has been no response to my October 7, 2002 letter.

8.      On November 13, 2002 I again wrote Mr. Ross asking for a response to my previous letter. I have noted that the date on that letter was not changed (from October 7 to November 13), the date the letter was actually sent. This is a typographical error. The follow up letter was actually sent on November 13, 2002. A copy of that letter is attached as Exhibit B.

9.      On December 19, 2002 I sent Mr. Ross a third letter, dated December 19, 2002, attached as Exhibit C. By this time I had begun to think (and still do) that perhaps Mr. Ross no longer represented this plaintiff. I made that inquiry and asked again for plaintiff's Rule 26 Disclosures. The December 19, 2002 attached as Exhibit C, was preceded by a telephone call to Mr. Ross' office. Again, a message pleading for a response was left on his answering machine.

216455 - 1/SB

10. To date there has been no response to either my telephone calls or letters concerning this case.

11. Plaintiff's failure to make the Disclosures required by Rule 26 and Federal Rules of Civil Procedure is prejudicing the defense of this case.

12. It is, therefore, respectfully requested that this action be dismissed for failure to make the required Rule 26 Disclosures.

LINDABURY, MCCORMICK & ESTABROOK
26 Broadway
Suite 2300
New York, New York 10004
(212) 742-3390
Attorneys For Defendant
SB-6864

Dated: February 20, 2003

STEVEN BACKFISCH

Sworn to before me on this 20th
day of February, 2003

Notary Public, State of New Jersey

STACEY F. MAGLIARO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires February 21, 2006

216455 - 1/SB



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

C.A. NO.: 02-CV-2868 (LMM)

KATHERINE E. SCHLIEBEN,           )
    Plaintiff,                            )
                            )
V.                                 )
                            )
NORTHFIELD MOUNT                   )
HERMON SCHOOL,                     )
    Defendant                          )

## AFFIDAVIT OF SAMUEL PERKINS, ESQ.

Samuel Perkins, Esq. makes the following statement under oath, subject to the pains and penalties of perjury:

1.     I am an attorney licensed to practice in the Commonwealth of Massachusetts, and a partner in the Boston, Massachusetts law firm Brody, Hardoon, Perkins & Kesten, LLP (www.bhpklaw.com).

2.     I was retained by Edward Schlieben on July 28, 2003 to investigate the status of his daughter Katherine's personal injury action, pending in this Court. On that date Mr. Schlieben met with me and we discussed his difficulty in communicating with Katherine Schlieben's attorney, Frank Ross, Esq. Mr. Schlieben said he had retained Mr. Ross to prosecute Katherine Schlieben's personal injury action, but heard nothing from Mr. Ross for several months, even though Mr. Schlieben had called Mr. Ross many times and had left messages requesting information on Katherine Schlieben's case.

3.     During our meeting on July 28, Mr. Schlieben and I both attempted to reach Mr. Ross by phone. We both left messages on Mr. Ross's answering machine and cell phone voice mail. I have never received any return call or other communication from Mr. Ross. In attempting to reach Mr. Ross, I also researched his bar admissions and status. The Massachusetts Board of Bar Overseers website states that Mr. Ross was admitted to the Massachusetts Bar in 1986, and is currently under "administrative suspension."

4.     On July 28, 2003 I reviewed the Court's on-line docket in this action and learned that the case had been reported settled and had been dismissed by the Court, subject to filing of the necessary settlement documents within 60 days.

5.     Mr. Schlieben said at the July 28 meeting that he and his daughter had never authorized Mr. Ross to settle the case, and that he and his daughter had never received any notice from Mr. Ross that he had agreed to settle the case.

6.      After reviewing the docket and speaking with Mr. Schlieben, I called Steve Backfisch, Esq., counsel for the defendant in this action. We discussed the case on August 1, 2003, and Mr. Backfisch outlined the history of his dealings with Mr. Ross. Mr. Backfisch said that his research early in the case showed that the maximum possible recovery against the defendant school (the only party Mr. Ross had named) was $20,000 under Massachusetts law. As a result, Backfisch proposed to Ross in September of 2002 that they settle the case for that amount. Mr. Backfisch said he followed up this conversation with letters on October 7, 2002 (Exhibit 4 to Plaintiff's Motion) and November 13, 2002 (Exhibit 5 to Plaintiff's Motion), but got no response. Mr. Backfisch said that in frustration he attempted to get a response from Mr. Ross with a third letter, dated December 19, 2002, that again proposed settlement but also pointed out that Ross had not provided his initial Rule 26 disclosures. Mr. Backfisch said that when these three letters yielded no response, he filed a motion to dismiss on February 20, 2003 to "get Mr. Ross's attention." Mr. Backfisch said that on April 15, 2003, he notified Mr. Ross that the Court would hold a conference on May 13, 2003 at 4:30 PM. Having heard nothing from Mr. Ross by the morning of May 13, Mr. Backfisch called Ross to confirm that Ross would be at the conference that afternoon. Ross called back and told Mr. Backfisch that the plaintiff would accept the $20,000 offer. Mr. Backfisch said that as a result of Ross's call, Backfisch notified the Court on May 13 that the case was settled, and the same day mailed the necessary release and W-9 tax form to Mr. Ross. Backfisch said that Ross did not respond to the documents sent May 13, or to reminder letters on May 22 and July 2, 2003.

7.      After meeting with Mr. Schlieben on July 28, 2003, I also spoke with Bill Collins of Great American Insurance Company, insurer for Northfield Mount Hermon. Mr. Collins said that he is the claims supervisor with current responsibility for the Schlieben claim. Mr. Collins has worked with other attorneys in my firm, and has a strong reputation for knowing the applicable law and monitoring his case files carefully. He and others at Great American unquestionably understood from their first involvement in the Schlieben claim that Mr. Ross should have named individual school staff members as defendants in order to avoid the $20,000 liability limit set by the Massachusetts Charitable Immunity Statute.

          Signed subject to the pains and penalties of perjury this ____28th____ day of ____April____, 2004

                                              Samuel Perkins

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - - - - - x

    *KATHERINE E. SCHLIEBEN*    :

             Plaintiff(s),    :    *02* Civ. *2868*  (LMM)

    - against -    :    <u>ORDER OF DISMISSAL</u>

    *NORTHFIELD MOUNT HERMON*    :    *CLOSES*
    *SCHOOL*    *CASE*
             Defendant(s).    :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

McKENNA, D.J.

        Counsel having advised the Court that the claims asserted in the above-entitled action have been settled, it is

        ORDERED that the above-entitled action be and hereby is dismissed with prejudice and without costs to either party, subject to plaintiff's right to reopen if settlement is not consummated within ___60___ days.

                    SO ORDERED.

Dated:   New York, New York
          ___5/13___, 200_3_

                       Lawrence M. McKenna
                       U.S.D.J.

MICROFILE
MAY 14 2003 - 9:00 AM

**EXHIBIT**
**9**



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

C.A. NO.: 02-CV-2868

KATHERINE E. SCHLIEBEN,     )
     Plaintiff,     )
          )
V.     )
          )
NORTHFIELD MOUNT     )
HERMON SCHOOL,     )
     Defendant.     )

## AFFIDAVIT OF EDWARD SCHLIEBEN

Edward Schlieben makes the following statement under oath:

1.    I am the father of the plaintiff in this matter, Katherine Schlieben.  I live on West 100th Street, New York, New York and work as the School Administrator of the Rudolf Steiner School in Manhattan.

2.    When my daughter Katherine was injured in a tug-of-war contest in September of 1997, she was sixteen years old.  I have overseen her case since the time of the injury, and have been responsible for working with her lawyers in prosecuting her personal injury claim.

3.    We initially retained a Massachusetts attorney in connection with Katherine's claim, but later sought recommendations for an attorney in New York who would be more accessible.  We were referred to Frank Ross, who was then a member of a firm in the city.  Mr. Ross agreed to represent our daughter, and filed suit in the New York Supreme Court against Northfield Mount Hermon.  Mr. Ross told me that he felt the school would be subject to jurisdiction in New York because of its contacts and marketing in this State.  He never suggested at any time that it would be wise to sue individual teachers or administrators at Northfield Mount Hermon in addition to the school.

4.    At some point in the Fall of 2002 or the Spring of 2003, Mr. Ross informed me that Katherine's recovery against Northfield Mount Hermon might be limited to $20,000.  Mr. Ross said that the school's attorney, Steven Backfish and the presiding Federal Judge had both said that the school could not be held liable for more then this amount.

5.    I told Attorney Ross that I found it hard to believe that Massachusetts would limit Katherine's recovery so severely, and asked him to look into whether the law really dictated such an unfair result. Mr. Ross has never contacted me with any further information concerning Katherine's claim.

6.    In the Spring and early Summer of 2003, I repeatedly called Mr. Ross and left him voice mail messages to check on the status of the case. Mr. Ross never answered the phone himself, and never responded to any of the voice mail messages I invariably left.

7.    By the Summer of 2003, I concluded that Mr. Ross had effectively abandoned Katherine as a client, and I asked for recommendations of new counsel. I was eventually referred to Brody, Hardoon, Perkins & Kesten, LLP. I met with Mr. Perkins on the afternoon of July 28, 2003. During that meeting we both attempted to call Mr. Ross, and both left voice mail messages. Mr. Ross has never responded to this or any of my other numerous voice mail messages over the past few months.

8.    Mr. Perkins informed me that he had checked the docket sheet for Katherine's case in the Federal Court in New York, and that the Court had dismissed the case on May 13, 2003 after being told that the parties had reached a settlement agreement. I retained Mr. Ross on behalf of my daughter, and I, rather then Katherine, have dealt with him in prosecuting her case. Mr. Ross has never notified me or Katherine of a settlement offer of $20,000 from Northfield Mount Hermon School. As noted above, he did tell us that the Federal Judge and the school's lawyer, felt that Northfield Mount Hermon had limited liability. Mr. Ross never informed me that he was negotiating a settlement with Mr. Backfish. He never obtained any settlement authority from me or from my daughter, and never talked with me about range of settlement values that would be acceptable to my daughter. Mr. Ross never notified me or my daughter that he had reached a settlement agreement with Mr. Backfish. Mr. Ross has never notified me or my daughter that Mr. Backfish sent him settlement documents, and he has never sent the settlement documents to me or my daughter.

SIGNED SUBJECT TO THE PAINS AND PENALTIES OF PERJURY.

_____    4/27/2004
Edward Schlieben                          Date