UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 3:05-CV-10208-MAP

**KATHERINE F. SCHLIEBEN,**

   **Plaintiff**

v.

**NORTHFIELD MOUNT HERMON SCHOOL.**

   **Defendant**

### DEFENDANT, NORTHFIELD MOUNT HERMON'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO AMEND COMPLAINT

**I.   INTRODUCTION**

The plaintiff, Katherine Schlieben, has renewed her motion to amend her complaint.[1] In essence, the plaintiff seeks to amend her complaint to add additional individual defendants who are or were employees of the defendant, Northfield Mount Hermon School. The defendant submits the following in opposition to said motion to amend.

**II.   ARGUMENT**

   **A.   THE COURT SHOULD DENY THE PLAINTIFF'S MOTION TO AMEND HER COMPLAINT AS UNTIMELY AND PREJUDICIAL**

Generally, amendments to pleadings are to be freely allowed "when justice so requires." Fed.R.Civ.P. 15(a). But this rule does not give the plaintiff an automatic right to amendment, a

---

[1] The plaintiff had moved to amend her complaint previously while the case was pending before the United States District Court for the Southern District of New York. Said motion was opposed on other grounds by then counsel for the defendant. The Court denied the motion to amend without prejudice deferring to this Court for adjudication.

motion to amend may be denied if it is futile or if the defendants would suffer undue prejudice if the amendment were allowed. See Hayes v. New England Millwork Distribs., 602 F.2d 15, 19 (1st Cir.1979)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A motion to amend will be denied where an amendment would be legally futile or would serve no legitimate purpose. Judge v. City of Lowell, 160 F.3d 67, 79 (1st Cir.1998).

Under Massachusetts law, while c. 231 § 51, if far more liberal regarding motions to amend and relation back, it is not automatic. Massachusetts Courts look at various factors when permitting an amendment or joinder under its rules of procedure. Such factors include (1) whether an honest mistake had been made in selecting the proper party; (2) whether joinder of the real party in interest had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the non-moving party. See Berman v. Linnane, 434 Mass. 301 (2001); citing, *C.A. Wright, A.R. Miller & M.K. Kane,* Federal Practice and Procedure § 1555 at 413-414 (2d ed. 1990 & Supp. 2000. Indeed, the Massachusetts Supreme Judicial Court has stated:

> [t]he decision whether to allow a motion to amend a pleading is a discretionary decision and depends upon a judge's weighing of several factors. Factors to be considered in making such a decision include undue delay by the moving party, imminence of trial and undue prejudice to the opposing party. Pessotti v. Eagle Manufacturing Co., 946 F.2d 974 ( 1st Cir. 1991) citing Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 621-622 (1989)

The SJC has held that "unexcused delay in seeking to amend is a valid basis for denial of a motion to amend." Mathis v. Massachusetts Electric Co., 409 Mass. 256, 265 (1991). The reasoning behind this is that "one of the policies of a statute of limitations is that a bright line cutoff is need because one can never be sure whether or not the passage of time has prejudiced a defendant. Pessotti v. Eagle Manufacturing Co., 946 F.2d 974 (1st Cir. 1991).

In the present case, the plaintiff is seeking to add new individual defendants under theories

of negligence some **8 years** after the date of the incident.[2]  The plaintiff, through her father, had worked with several attorneys in attempting to prosecute her personal injury claim.  See affidavit of Edward Schlieben, Exhibit #10 to plaintiff's motion.  As early as 1999, the plaintiff had retained a Massachusetts firm to represent her interests.  See demand letter to Northfield Mount Hermon School dated June 28, 1999, Exhibit "A".  Interestingly enough, Massachusetts counsel at that time, never advised the defendant school of any potential claims against individual employees but, rather a claim against the School.  See demand letter to Northfield Mount Hermon School dated June 28, 1999, Exhibit "A".   The plaintiff in January 2000,  chose to retain Attorney Frank Ross, a New York Attorney who was also admitted to practice in Massachusetts.  See retention notice, Exhibit "B"  On November 23, 2001, Attorney Ross filed a complaint in New York State Court against the defendant, Northfield Mount Hermon School, seeking to recover for personal injuries allegedly sustained on September 21, 1997.  The complaint was removed to the United States District Court for the Southern District of New York on the basis of diversity by the defendant, school.   The complaint stated her date of birth as November 25, 1980 (paragraph 8).  The filing of her complaint on November 23, 2001, was two days before her twenty first birthday and three days before the statute of limitations would have run on her claim.  (Complaint, ¶ 9) No individual defendants were named in the complaint.  No "John Doe" parties were identified as representing unknown, but yet allegedly negligent individuals.  To the contrary, the complaint (¶14) alleged the defendant school's negligence as "not providing proper adult supervision and procedures", i.e. institutional negligence, not attributable to a particular person.   To allow the plaintiff now, some 8 years later to amend her complaint to add individual defendants would be untimely and extremely prejudicial to them.

---

[2] The defendant acknowledges that the plaintiff attempted to amend her complaint before the United States District Court for the Southern District of New York in 2004.  This proposed amendment was still 7 years after the incident.

-3-

Several of the proposed individual defendants no longer work for the school and at least one, no longer resides in Massachusetts. (Proposed Amended Complaint ¶ 3) Any witnesses to the alleged incident and the proposed individual defendants' actions or inactions are long since graduated from the school and are most likely not available. The present case, is exactly the reasoning behind the First Circuit's statement that "one of the policies of a statute of limitations is that a bright line cutoff is need because one can never be sure whether or not the passage of time has prejudiced a defendant. Pessotti v. Eagle Manufacturing Co., 946 F.2d 974 (1st Cir. 1991).

As such, this Court should deny the plaintiff's renewed motion to amend as untimely and prejudicial to the proposed defendants.

## III. CONCLUSION

Wherefor, the defendant, Northfield Mount Hermon School, respectfully requests that the Court deny the plaintiff's renewed motion to amend her complaint.

/S/James W. Simpson, Jr.
James W. Simpson, Jr., BBO#634344
Douglas I. Louison   BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**CERTIFICATE OF SERVICE**

I, James W. Simpson, Jr., do hereby certify that on the 12th day of May 2005 I served the foregoing on all counsel of record.

/S/James W. Simpson, Jr.
James W. Simpson, Jr.,



EXHIBIT "A"

ESSER, SINGER, EISENBERG & WAINSTEIN
ATTORNEYS AT LAW
22 HIGH STREET
P.O. Box 548
GREENFIELD, MA 01302
(413) 774-7085
FAX# (413) 772-2555

DIANE H ESSER
DAVID J SINGER
STEWART EISENBERG
ROBERT E WAINSTEIN

Mailing Address:
P.O. Box 548
Greenfield, MA 01302

June 28, 1999

Richard Mueller - Head
Michael Bronnert - Treasurer
Northfield Mount Hermon
Revell Hall
206 Main Street
Northfield, Massachusetts 01360

RE: Kathryn Schleiben v. Northfield Mt. Hermon School

Dear Mr. Mueller and Mr. Bronnert:

    Please be advised that this office represents Kathryn Schleiben in a matter involving a personal injuries sustained by her on or about September 25, 1997 and continuing to present. Please consider this a formal notice of a claim against your institution arising from said injuries.

    I hereby urge you to immediately forward a copy of this notice to your insurer and to your attorney. In the event that the individuals in receipt of this notice are not the proper recipients, please so notify me immediately, and I will be certain to send another copy to the appropriate agent, servant, employee, or representative of Northfield Mt. Hermon.

    Please feel free to contact me if you have any questions or comments whatsoever.

Very truly yours

Stewart Eisenberg

cc: Kathryn Schlieben
      Edward and Coco Schlieben
d:\s\schliebe.kat\l-notice



LAW OFFICES

# SHAPIRO, BEILLY, ROSENBERG, ARONOWITZ, LEVY & FOX

ABRAHAM L. SHAPIRO (1915-1996)
STEWART L. BEILLY
LEWIS ROSENBERG*
BETH SHAPIRO
SIDNEY FOX
DAVID S. ARONOWITZ
BARRY I. LEVY

GERALD RICHMAN***
JOSEPH A. MATERNA**
ROY J. KARLIN
JEFFREY M. JUDD

OF COUNSEL
HAROLD D. KOZUPSKY
MANUEL KASSON

225 BROADWAY, 13TH FLOOR
NEW YORK, NEW YORK 10007
(212) 267-9020
FACSIMILE: (212) 608-2072

ANGELA THOMPSON-TINSLEY
SANDRA L. BONDER***
DONALD W. SWEENEY
IRVIN LEDERER
LORI F. FEIN***
DAVID D. MELTZER
FRANK A. ROSS*
LAURA E. SHER***
ERIC J. KUPERMAN ***†
SHADRACH A. STANLEIGH
MARISA E. PARDO**
TANIA A. GONDIOSA
GINA M. FONSECA
SUSAN C. RICCIARDI
 * ALSO ADMITTED TO MASS BAR
 ** ALSO ADMITTED TO FLA. BAR
 *** ALSO ADMITTED TO N.J. BAR
 † ALSO ADMITTED TO CT. BAR

January 5, 2000

**VIA FAX 413-583-2918**
**and Regular Mail**

Great American Insurance Company
P.O. Box 233
Ludlow, MA 01056

Attn: Peter Roxo

    Re:    Personal Injury claim of Katherine E. Schlieben
            Date of Loss: September 21, 1997
            Our client: Katherine E. Schlieben
            Your Insured: Northfield-Mount Herman School
            Your Claim No.: 531516535
            Our File No.: S-18543

Dear Mr. Roxo:

    With regard to the above-reference matter, please be advised this firm has been retained by Edward K. Schlieben and Katherine E. Schlieben to handle their claims against your insured Northfield-Mount Herman School. As I have recently advised you, this firm has taken over the handling of the Schlieben's claims against your insured from the law firm of Esser, Singer, Eisenberg & Wainstein. I have enclosed a copy of the letter forwarded to Esser, Singer, Eisenberg and Wainstein requesting they cease and desist any further work on this matter.

    It is my understanding no offers have ever been made to the claimant or her prior attorneys regarding this matter.

SHAPIRO, BEILLY, ROSENBERG, ARONOWITZ, LEVY & FOX, LLP

January 5, 2000
Page 2

---

      I am requesting all future correspondence regarding the claims of Edward K. Schlieben and Katherine E. Schlieben against your insured Northfield-Mount Herman School be directed to my attention at this firm.

      I am presently in the process of obtaining all hospital and medical records, and medical reports. Once I have received all of this information I will forward same to your attention, along with our theory of the case and demand, in a settlement brochure.

      Finally, I am requesting you provide to me, in writing, the extent of primary and, if available, excess coverage held by your insured Northfield-Mount Herman School and applicable to this action. If there is excess coverage, I am requesting you provide me with the name and address of the insurance carrier holding the excess coverage, its policy number and claim number.

      Thank you for your attention to these requests. Should you need any further information regarding these matters, please do not hesitate to contact me.

Very truly yours,

FRANK A. ROSS

FAR:dw

cc: Edward K. Schlieben
    Katherine E. Schlieben