UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF MASSACHUSETTS

C.A. NO.: 05-CV-10208-KPN

KATHERINE E. SCHLIEBEN,                )
     Plaintiff,                              )
                                    )
V.                                      )
                                    )
NORTHFIELD MOUNT HERMON          )
SCHOOL, JACQUELINE SMETHURST, )
DAVID SCHOCHET, RICHARD          )
SCHWINGLE, LOUISE SCHWINGLE    )
AND JUDITH KEMLITZ,                )
     Defendants.                           )

## PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Katherine Schlieben alleges:

## PARTIES

1.     Plaintiff Katherine E. Schlieben is a resident of Manhattan, New York County, New York and was a student in her junior year at the Northfield Mount Hermon School ("Northfield Mount Hermon"), Northfield, Franklin County, Massachusetts when the injuries giving rise to this lawsuit occurred.

2.     The Northfield Mount Herman School is a private secondary school incorporated in Massachusetts and located in Northfield, Franklin County, Massachusetts.

3.     Jacqueline Smethurst is, on information and belief, a resident of Metarie, Louisiana.  Defendant Smethurst was, at the time of the plaintiff's injury, the Head of School of the Northfield Mount Hermon School and a resident of Franklin County, Massachusetts.

4.    David Schochet is a resident of Franklin County, Massachusetts and was, at the time of the plaintiff's injury, a Northfield Mount Hermon School Dean and resident of Franklin County, Massachusetts.

5.    Richard Schwingle is a resident of Franklin County, Massachusetts, and was, at the time of the plaintiff's injury, a member of the Northfield Mount Hermon staff designated as Class Parent for the junior class.

6.    Louise Schwingle is a resident of Franklin County, Massachusetts, and was, at the time of the plaintiff's injury, a member of the Northfield Mount Hermon staff designated as Class Parent for the junior class.

7.    Judith Kemlitz is, on information and belief, a resident of Franklin County, Massachusetts and was, at the time of the plaintiff's injury, a School Dean of the Northfield Mount Hermon School.

## JURISDICTION AND VENUE

8.    The plaintiff is a resident of New York and the defendants are residents of Massachusetts.  Jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. §1332.

9.    Venue in this matter is controlled by 28 U.S.C. §1391(a), (c), as the Northfield Mount Hermon School is subject to personal jurisdiction in this district.

## PLAINTIFF'S CLAIMS

10.    On September 21, 1997, plaintiff Katherine E. Schlieben was a member of the junior class at Northfield Mount Hermon School, Franklin County, Massachusetts.

11.    On September 21, 1997, Northfield Mount Hermon conducted a tug-of-war contest between the junior and senior classes at the school.  The tug-

of-war was an annual event and a significant school tradition, and all members of the junior and senior classes were expected to participate.

12. The tug-of-war was organized and supervised by school administrators, teachers and residential life staff, including, but not limited to, the individual defendants named above.

13. The plaintiff has been informed, and believes, that the tug-of-war in September of 1997 involved between five hundred and six hundred students in the junior and senior classes.

14. The rope involved in the tug-of-war was several hundred feet long and was arranged through wooded and open areas on the large, rural school campus.

15. The tug-of-war exercise was an inherently dangerous physical activity for all participants. Northfield Mount Hermon and the administrators, teaching staff and residential life staff involved in organizing and overseeing the event, including, but not limited to the individual defendants named above, negligently failed to make adequate precautions for the safety of the students involved, including:

   a. failure to review the physical fitness of the students involved in the tug-of-war;

   b. failure to instruct the students in the proper techniques of tug-of-war contests;

   c. failure to arrange adequate staff to supervise the conduct of students in the tug-of-war as the contest proceeded.

16. The plaintiff is informed, and believes, that school administrators, faculty and residential life staff, including, but not limited to, the individual

3

defendants named above, knew before September 21, 1997 from experience with previous contests and preparation for the 1997 contest, that students would adopt risky and dangerous tactics to gain advantage in the tug-of-war.

17.     Before the tug-of-war involving the plaintiff began on September 21, 1997, school administrators, faculty and residential life staff, including, but not limited to the individual defendants named above, had been informed that one team planned to run the rope part way around a tree in the woods, to increase friction and gain advantage in resisting the other side's efforts. Although the school administrators, teachers and residential life staff responsible for overseeing the tug-of-war, including, but not limited to the individual defendants named above, were on notice of this dangerous plan, they negligently took no steps to prevent the students from carrying out this plan.

18.     In the course of the tug-of-war contest on September 21, 1997, members of the junior class ran the rope on their side of the course part way around a tree in order resist the pulling by the senior team. This technique required each junior team member in the vicinity of the tree to release the rope before reaching the tree in order to avoid being trapped between the tree and the rope. As a result of pressure and movement of the rope, the tree had suffered substantial damage, and was steaming or smoking from the heat generated by friction.

19.     During the contest a student or students yelled that the junior class had won and many members of the plaintiff's team relaxed.

4

20.     At the time junior team members relaxed, plaintiff Katherine Schlieben
        was next to the tree that had been used as a friction point for the rope.

21.     When members of the junior class team relaxed, the seniors jerked
        Katherine Schlieben into the tree before she could release the rope,
        trapping the index and middle fingers of her left hand between the rope
        and the tree.

22.     As a result of the pressure and friction, a substantial portion of the flesh
        on Katherine Schlieben's left index finger was torn off, and the skin on the
        back of her left middle finger was shredded.  Katherine Schlieben has
        suffered permanent disability and disfigurement as a result, and has
        incurred substantial and continuing medical expenses, pain and suffering
        and lost earning capacity.

23.     Immediately after the injury occurred, a friend took Katherine Schlieben,
        who was distraught and bleeding freely from her left index and middle
        fingers, to class parent Louise Schwingle, who had been observing the
        tug-of-war from a mound in the vicinity of the tree where Katherine
        Schlieben was injured. Mrs. Schwingle took no action to assist Katherine
        Schlieben and took no action to prevent the same injury from occurring to
        other junior class members as the tug-of-war continued.

### COUNT I - NEGLIGENCE
Schlieben v. Jacqueline Smethurst

24.     The plaintiff incorporates paragraphs 1 – 23 here.

25.     Katherine Schlieben's injuries were proximately caused by the negligence
        of Jacqueline Smethurst in failing to prudently plan, supervise and direct
        the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Jacqueline Smethurst, including appropriate damages, interest, attorney's fees and costs.

## COUNT II - NEGLIGENCE
### Schlieben v. David Schochet

26.  The plaintiff incorporates paragraphs 1 – 25 here.

27.  Katherine Schlieben's injuries were proximately caused by the negligence of David Schochet in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against David Schochet, including appropriate damages, interest, attorney's fees and costs.

## COUNT III - NEGLIGENCE
### Schlieben v. Richard Schwingle

28.  The plaintiff incorporates paragraphs 1 – 27 here.

29.  Katherine Schlieben's injuries were proximately caused by the negligence of Richard Schwingle in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Richard Schwingle, including appropriate damages, interest, attorney's fees and costs.

## COUNT IV - NEGLIGENCE
### Schlieben v. Louse Schwingle

30.  The plaintiff incorporates paragraphs 1 – 29 here.

31.    Katherine Schlieben's injuries were proximately caused by the negligence of Louise Schwingle in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Louise Schwingle, including appropriate damages, interest, attorney's fees and costs.

COUNT V - NEGLIGENCE
Schlieben v. Judith Kemlitz

32.    The plaintiff incorporates paragraphs 1 – 31 here.

33.    Katherine Schlieben's injuries were proximately caused by the negligence of Judith Kemlitz in failing to prudently plan, supervise and direct the actions of the junior class in the tug-of-war contest.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Judith Kemlitz, including appropriate damages, interest, attorney's fees and costs.

COUNT VI – NEGLIGENCE
Schlieben v. Northfield Mount Hermon School

34.    The plaintiff incorporates paragraphs 1 – 33 here.

35.    The Northfield Mount Hermon School is liable for the negligent acts and omissions of its administrators, faculty and residential life staff, as alleged above.

Wherefore, plaintiff Katherine E. Schlieben demands judgment against Northfield Mount Hermon School, including appropriate damages, interest, attorney's fees and costs.

<u>JURY DEMAND</u>

The plaintiff demands trial by jury on all counts.

Respectfully submitted,
Katherine E. Schlieben
By her attorneys,


_____/s/ Samuel Perkins_____
Samuel Perkins BBO #542396
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA  02116
(617) 880-7100

Dated:  June 22, 2005

8