UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 3:05-CV-10208-KPN

KATHERINE F. SCHLIEBEN,

    Plaintiff

v.

NORTHFIELD MOUNT HERMON SCHOOL,
JACQUELINE SMETHURST, DAVID SCHOCHET,
RICHARD SCHWINGLE, LOUISE SCHWINGLE, and
JUDITH KEMLITZ,

    Defendants

## DEFENDANTS, NORTHFIELD MOUNT HERMON SCHOOL, RICHARD SCHWINGLE AND LOUISE SCHWINGLE'S ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

The defendants, Northfield Mount Hermon School, Richard Schwingle and Louise Schwingle, (hereinafter "Defendants") answer the plaintiff's complaint as follows:

### PARTIES

1. The defendants admit that the plaintiff was a student at the Northfield Mount Hermon School but, has insufficient information to either admit or deny the allegations contained in paragraph 1 of the plaintiff's complaint.

2. The defendants admit the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendants admit that Jacqueline Smethurst was the Head of School at the time of the plaintiff's alleged injury but, has insufficient information to either admit or deny the remainder of the allegations contained in paragraph 3 of the plaintiff's complaint.

4.  The defendants admit that David Schochet was a Dean at the Northfield Mount Hermon School at the time of the plaintiff's alleged injuries but, has insufficient information to either admit or deny the remainder of the allegations contained in paragraph 4 of the plaintiff's complaint.

5.  The defendants admit the allegations contained in paragraph 5 of the plaintiff's complaint.

6.  The defendants admit the allegations contained in paragraph 6 of the plaintiff's complaint.

7.  The defendants admit that Judith Kemlitz, was a Dean at the Northfield Mount Hermon School at the time of the plaintiff's alleged injuries but, has insufficient information to either admit or deny the remainder of the allegations contained in paragraph 7 of the plaintiff's complaint.

### JURISDICTION AND VENUE

8.  The defendants neither admit or deny the allegations contained in paragraph 8 of the plaintiff's complaint as it is a statement of jurisdiction. To the extent that there are allegations contained therein, those allegations are denied.

9.  The defendants neither admit or deny the allegations contained in paragraph 9 of the plaintiff's complaint as it is a statement of venue. To the extent that there are allegations contained therein, those allegations are denied.

### PLAINTIFF'S CLAIMS

10. The defendants admit the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendants admit that a "tug of war" contest was held on or about September 21, 1997, but deny the remainder of the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendants have insufficient information to either admit or deny the allegations

contained in paragraph 13 of the plaintiff's complaint.

14. The defendants deny the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The defendants deny the allegations contained in paragraph 15 of the plaintiff's complaint.

16. The defendants deny the allegations contained in paragraph 16 of the plaintiff's complaint.

17. The defendants deny the allegations contained in paragraph 17 of the plaintiff's complaint.

18. The defendants deny the allegations contained in paragraph 18 of the plaintiff's complaint.

19. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 19 of the plaintiff's complaint

20. The defendants have insufficient information to either admit or deny the allegations contained in paragraph 20 of the plaintiff's complaint.

21. The defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendants deny the allegations contained in paragraph 22 of the plaintiff's complaint.

23. The defendants deny the allegations contained in paragraph 23 of the plaintiff's complaint.

## COUNT I.

24. The defendant reassert their responses to paragraphs 1-23.

25. The defendants deny the allegations contained in paragraph 25 of the plaintiff's complaint.

## COUNT II.

26. The defendant reassert their responses to paragraphs 1-25.

27. The defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint.

### COUNT III.

28. The defendant reassert their responses to paragraphs 1-27.

29. The defendants deny the allegations contained in paragraph 29 of the plaintiff's complaint.

### COUNT IV.

30. The defendant reassert their responses to paragraphs 1-29.

31. The defendants deny the allegations contained in paragraph 31 of the plaintiff's complaint.

### COUNT V.

32. The defendant reassert their responses to paragraphs 1-31.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiff's complaint.

### COUNT VI.

34. The defendant reassert their responses to paragraphs 1-33.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint.

WHEREFORE, the defendants demand judgment in their favor together with costs and attorneys' fees associated with the defense of this action.

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS OF THE PLAINTIFF'S COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by a person or persons for whose conduct the defendants are not legally responsible or answerable.

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed for insufficiency of process.

### THIRD AFFIRMATIVE DEFENSE

If it should be found that the defendants were negligent and that negligence exceeded that of the plaintiff, then the damages assessable against the defendants should be reduced by the percentage of the negligence attributable to the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff has failed to state a cause of action upon which relief may be granted and, therefore, this complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### FIFTH AFFIRMATIVE DEFENSE

The injuries, conditions and damages which the plaintiff claims, were not foreseeable.

### SIXTH AFFIRMATIVE DEFENSE

The alleged actions of the defendants, its agents, servants or employees, were neither the proximate nor actual cause of any damages suffered by the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries and/or damages were caused by her own negligent acts or failures to act and, therefore, this action is barred by the provisions of G.L. c. 231, § 85.

### EIGHTH AFFIRMATIVE DEFENSE

There exists no causal relationship between the alleged negligence of defendants and the injuries, conditions or damages alleged to have been suffered by the plaintiff.

## NINTH AFFIRMATIVE DEFENSE

At the time and place of this accident, the plaintiff, by her own careless and negligent acts or omissions, contributed directly and proximately to the injuries and damages for which she now seeks recovery.

## TENTH AFFIRMATIVE DEFENSE

The defendants states that the plaintiff's complaint should be dismissed for failure to comply with the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed for improper service of process.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant, Northfield Mount Hermon School, enjoys limited immunity protection under the Massachusetts Charitable Immunity statute. G.L. c. 231 § 85K.

The defendants, Northfield Mount Hermon School, Richard Schwingle, Louise Schwingle, By their attorneys,

/s/ James W. Simpons, Jr.
James W. Simpson, Jr., BBO#634344
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**Certificate of Service**

    I, James W. Simpson, Jr, do certify that on the 28th day of June 2005, I served the foregoing via electronic mail on counsel for the plaintiff.

                                      /s/ James W. Simpons, Jr.
                                      James W. Simpson, Jr.,