UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF MASSACHUSETTS

C.A. NO. 3:05-CV-10208-KPN

KATHERINE E. SCHLIEBEN,         )
    Plaintiff,              )
                                )
V.                              )
                                )
NORTHFIELD MOUNT HERMON         )
SCHOOL, JACQUELINE SMETHURST,   )
DAVID SCHOCHET, RICHARD         )
SCHWINGLE, LOUISE SCHWINGLE     )
AND JUDITH KEMLITZ,             )
    Defendants.             )

## JOINT MOTION FOR ADDITIONAL CONSIDERATION OF CONTINUANCE

The parties fully understand the Court's reluctance to reschedule a trial date when it appears that counsel has had adequate time to arrange a mediation, but there are several additional factors which, in counsels' judgment, indicate that the resources of the Court (and the parties) will be conserved if the Court could grant a brief continuance.

Both sides are anxious to settle, and scheduled a mediation for Tuesday, April 4, 2006, a date that would have given the parties plenty of time to prepare for trial on May 8 if the case did not settle. Unfortunately, defendants' counsel notified plaintiff's counsel on March 29 that the critical financial decision-maker for the defendants could not attend the mediation scheduled for April 4. In the judgment of Ms. Schlieben's counsel, the defendants' financial decision maker must be at the mediation; unless he meets Ms. Schlieben and sees her hand injury, he will not understand her jury appeal or the likely jury reaction to seeing her hand injury.

Upon learning that the defendants' financial decision maker would not be available April 4, 2006, the parties immediately contacted the mediator, the Honorable James V. Ryan of JAMS/Endispute, and learned that he had no available mediation time until <u>after</u> the scheduled May 8, 2006 trial date. Those circumstances prompted the parties' joint motion to continue the trial date.

While predicting settlement is a risky undertaking, the parties believe in good faith that there is a reasonable likelihood they will achieve settlement and avoid any further proceedings in this Court if they are permitted to mediate this matter with Mr. Ryan on May 18, 2006. Based on substantial experience with Mr. Ryan, the parties are confident that he is the appropriate mediator for this case.

Other features of this case also support the parties' request for a continuance. As the Court knows, this case went through an elaborate previous incarnation in the Southern District of New York. Ms. Schlieben's New York counsel failed to sue any individual defendants, effectively capping liability at $20,000 for the charitably-immune Northfield Mount Hermon School. Fortunately, the case was subsequently transferred to this Court and the Complaint was amended to name individual school administrators, giving Ms. Schlieben the opportunity to prove her case on the merits. Ms. Schlieben's counsel is very confident that he will be able to establish the defendants' liability for Ms. Schlieben's injury. (Defense counsel naturally takes exception to this assessment.) This case, from plaintiff's counsel's perspective, primarily concerns the scope of damages a jury would be likely to award. It is, in short, an ideal case for a more efficient process of mediation, rather than full trial involving the use of the Federal Court, jury pool, and the resources of the parties — much as plaintiff's counsel would enjoy such a trial.

For the foregoing reasons, the parties jointly request a brief continuance from the Court to determine whether this case can be removed the docket by a mediated settlement.

Respectfully submitted,

Katherine E. Schlieben
By her attorneys,


/s/ Samuel Perkins
Samuel Perkins, BBO #542396
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA  02116
(617) 880-7100

Defendants,
By their attorneys,


/s/ James W. Simpson, Jr.
James W. Simpson, Jr., BBO #634344
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110
Tel:  (617) 439-0305

Dated:  March 31, 2006